Carlos ANDRADE–MADRIGAL; Lilia Andrade–Yepez, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 04–75647, 05–70313.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions for review, Carlos Andrade–Madrigal and Lilia Andrade–Yepez, husband and wife and natives and citizens of Mexico, petition for review of two orders of the Board of Immigration Appeals ("BIA"), one affirming an immigration judge's ("IJ") decision denying their application for cancellation of removal and the other denying their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition in No. 04–75647 and dismiss the petition in No. 05–70313.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Petitioners' challenge to the agency's hardship standard is unpersuasive.

We lack jurisdiction over the BIA's order denying reconsideration because it concerned the same basic hardship grounds as petitioners' initial application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006).

**No. 04–75647: PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

**No. 05–70313: PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.